GRELL v. SAM HOUSTON LIFE INS. CO.

(Court of Civil Appeals of Texas. Austin.
May 14, 1913.)

1. INSURANCE (§ 150*)—LIFE POLICY—CON-
STRUCTION—SUICIDE CLAUSE.

Where a life insurance policy provided that
the agreements, benefits, and privileges stated
on subsequent pages were made a part of the
contract, and on the second page contained a
heading "agreements, benefits and privileges,"
a provision that, in case of suicide within one
year, the company should be liable only for the
premiums paid, stated under a subhead, "gen-
eral provisions," on the third page, is made a
part of the policy.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 305–307; Dec. Dig. § 150.*]

2. INSURANCE (§ 151*)—LIFE POLICY—CON-
STRUCTION—APPLICATION.

In the absence of a statute, an application
for life insurance, which contains a clause
limiting the liability in case of suicide to the
net reserve, is made a part of the policy by a
clause therein that it is issued in considera-
tion of the application.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 308–311; Dec. Dig. § 151.*]

3. INSURANCE (§ 134*)—LIFE POLICY—CON-
STRUCTION.

Under Rev. Civ. St. 1911, art. 4951, pro-
viding that every contract for life insurance,
except those which are indisputable after two
years or less, shall be accompanied by a copy
of the application, a clause in a policy provid-
ing that "it shall be incontestable after one
year," provided the required premiums are
paid, is free from conditions as to residence,
travel, or place of death, does not impose an
extra burden upon the insured, but frees him
from those conditions, and the policy is within
the exception contained in the statute.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 214–217; Dec. Dig. § 134.*]

Appeal from District Court, McLennan
County; Richard I. Munroe, Judge.

Action by Agnes Grell against the Sam
Houston Life Insurance Company. Judg-
ment for the defendant, and plaintiff ap-
peals. Affirmed.

Scott & Ross, of Waco, for appellant.

JENKINS, J. The appellee, on the 9th
day of October, 1909, issued a policy upon the
life of Frederick William Grell, husband of
appellant, for her benefit, in the sum of
$1,000. The premium was paid for the first
year, and within said year the insured com-
mitted suicide. The trial court rendered judg-
ment for appellee.

[1] The following is written in the face of
the policy: "The mutual agreements, bene-
fits and privileges stated on the subsequent
pages are hereby made a part of this con-
tract, as fully as if recited at length over
the signatures hereunto affixed." On the
second page, following the signatures of the
parties to said agreement, is the following:
"Suicide. In case of suicide committed while
sane or insane, within one year from the
date on which this insurance becomes effec-
tive, the limit of recovery hereunder shall
be the premiums paid." Appellant insists
that this is no part of the insurance con-
tract, for the reason that on the first page
is printed in capital letters, "agreements, ben-
efits and privileges," following which on the
second page is a subhead printed in capital
letters, "general provisions," and the suicide
clause above quoted comes under the head of
general provisions. Following the subhead
"general provisions" is another subhead print-
ed in capital letters, "protection to contract
if insured is wholly disabled," under which
subhead are several clauses beneficial to the
insured. Following the last-named subhead
is another printed in capital letters, "spe-
cial installment and trust fund options." We
are of the opinion that everything on each
of the first, second, and third pages follow-
ing the signatures of the officers of the com-
pany are included under the term "the mutu-
al agreements, benefits and privileges stated
on the subsequent pages."

[2, 3] If, however, we are mistaken in this,
the judgment of the court must be affirmed
for the reason that the application for in-
surance, part one, and signed by the insured,
contains the following clause: "I further
agree that if I shall die by my own hand or
act, whether I be at the time sane or insane,
during two years next following the date of
issue of said policy the company shall be li-
able only for the net reserve held against
said policy reckoned according to the legal
standard of Texas." And also in another
part of the application for said policy signed
by the insured there is the following clause:
"I further agree that self-destruction, sane
or insane, and death in consequence of viola-
tion of law within one year, are not risks
assumed by the company in the policy." In
the face of the policy there is written the
following clause: "This contract is issued
in consideration of the statements and agree-
ments made in the application therefor,
which are hereby made a part hereof, and
in further consideration of the annual pre-
mium," etc. This statement written in the
face of the policy makes the application a
part of the policy by which it was avoided by
the suicide of the insurer, unless it is pre-
vented from being such by our statute,
which reads as follows: "Policies of insur-
ance to be accompanied by copy of questions,
etc. Every contract or policy of insurance
issued or contracted for in this state shall
be accompanied by a written, photographic
or printed copy of the application for such
insurance policy or contract, as well as a
copy of all questions asked and answers
given thereto. The provisions of the fore-
going articles shall not apply to policies of
life insurance in which there is a clause mak-
ing such policy indisputable after two years
or less, provided premiums are duly paid."
R. S. 1911, art. 4951.

The policy sued on was incontestable after
one year from the date of its issue, provided

the premiums were duly paid. Neither written, photographic, nor printed copies of the application for such policy accompanied the same. Appellant insists that this provision of the statute is not applicable to the policy sued on, for the reason that it contains an additional provision more onerous than that required by the statute. This alleged additional provision is as follows: "And is free from conditions as to residence, travel or place of death." Appellant insists that this means that not only must the premiums be paid, but that the insured must not have violated the provisions of the policy as to residence, travel, or place of death. The application for the policy contains the following: "I also agree that if during the two years next following the date of the issue of the policy of insurance for which application is hereby made I shall, without written permission granted by said company, travel or reside elsewhere than in those parts of the United States of America lying north of the torrid zone and south of the 16th parallel of north latitude, etc., policy shall be void." Said application also contains the following: "I also agree that military and naval service in time of war are risks not assumed by said company, and are not intended to be covered by said policy, unless a written permit therefor at the company's regular rate of extra premium shall be granted. And that if I shall engage in any such service during the continuance of said policy, without such a permit, no claim shall exist under said policy except for the net reserve held against it, reckoned according to the legal standard of Texas." The full clause in the face of the policy with reference to these matters reads as follows: "This contract shall be incontestable after one year from the date of its issue, provided the required premiums are duly paid, and is free from conditions as to residence, travel or place of death. No permit or extra premium will be required for military or naval service in time of war or in time of peace." As we construe this clause, instead of being an additional burden upon the insured, it freed him from the conditions as to residence, travel, place of death and of obtaining permission to engage in military or naval service and the payment of extra premiums by reason thereof.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.